IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA  DIVISION

| | | |
|---|---|---|
| CHRISTIAN LEGAL SOCIETY;<br>CHRISTIAN LEGAL SOCIETY<br>CHAPTER AT THE UNIVERSITY<br>OF MONTANA SCHOOL OF LAW,<br>a student organization at the University<br>of Montana School of Law, on behalf of<br>itself and its individual members, | )<br>)<br>)<br>)<br>)<br>)<br>) | CV-07-154-M-RFC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | )<br>)<br>) | ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS<br>OF U.S. MAGISTRATE JUDGE |
| E. EDWIN ECK, in his official capacity<br>as Dean of the University of Montana<br>School of Law; MARGARET A. TONON<br>in her official capacity as Director for<br>Student Affairs; and the Members of the<br>Executive Board of the Student Bar<br>Association of the University of Montana<br>School of Law, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 11, 2008, United States Magistrate Judge Jeremiah Lynch entered his

Findings and Recommendations in this case.  Magistrate Judge Lynch recommends this Court (1)

grant Defendant's converted Summary Judgment on Plaintiffs' sole claims of alleged violations of

the First Amendment by Defendants and (2) deny Plaintiffs' Motion for Summary Judgment.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections.  28 U.S.C. § 636(b)(1).   In this matter, Plaintiffs have filed objections to the Findings and Recommendation and Defendants have filed a response to those objections.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc., 656 F.2d 1309, 1313 (9th Cir.1981).

After an extensive review of the record and applicable law and having determined *de novo* those parts of the magistrate judge's findings and recommendation to which Plaintiff has objected, this Court finds Magistrate Judge Lynch's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** Defendants' converted Motion for Summary Judgment is **GRANTED.**

## FACTUAL BACKGROUND[1]

This case involves a religious student organization that is seeking to compel a public law school to fund and recognize their organization even though their membership selection requirements discriminate on the basis of religion and sexual orientation.   Plaintiffs Christian Legal Society ("CLS") are challenging the Student Bar Association ("SBA") and the School of Law's decision to deny them SBA funding for the 2007-2008 academic year.[2]

---

[1]A detailed summary of the underlying facts is provided within the Magistrate Judge's Findings and Recommendation and shall not be recounted here.

[2]The Court notes that although CLS did not receive SBA funding, they were allowed to use the School of Law facility and School of law services, including access to channels of communication with students such as the law school website and appropriate bulletin boards.

As well stated by Magistrate Lynch, the crux of this First Amendment case is "the tension between a public law school's interest in enforcing its non-discriminatory policies and a religious student groups interest in exercising its constitutional rights of free speech, association and religious exercise."[3]

All law students at the University of Montana ("UM") School of Law pay mandatory student activity fees.  Further, all law students are automatically members of the Student Bar Association ("SBA").  The SBA executive board is the exclusive official governing body of the SBA.  The School of Law permits its students to form organizations.  The SBA "retains the power to recognize and support independent organizations and associations of students in the School of Law and to allocate SBA funds for the use of such recognized groups."[4]

CLS meetings and other activities are open to all students regardless of race, religion, sexual orientation.  However, to be a CLS voting member, a person must affirm the CLS Statement of Faith.  Further CLS's "Resolution on the Statement of Faith and Sexual Morality standards" states that "unrepentant participation in or advocacy of a sexually immoral lifestyle is inconsistent with an affirmation of the Statement of Faith, and consequently may be regarded by CLS as disqualifying such an individual from CLS membership."[5]

The SBA's bylaws include an "open-membership" provision which requires all SBA organizations to be "open to all members of the School of Law" in order to recognized by the

---

*COMPLAINT, Exhibit O.*

[3]*FINDINGS AND RECOMMENDATION (Doc. # 71), p. 1-2*

[4]*JOINT STIP. ¶ 14; COMPLAINT, Exhibit D.*

[5]*COMPLAINT, Exhibit C.*

SBA as an "independent student organization eligible to receive SBA funds."[6]   As noted by

Magistrate Lynch, this provision is read in conjunction with the SBA's non-discrimination

provision which states in relevant part that "[s]tudents have the right to be free from

discrimination, harassment, or intimidation based on actual or perceived; age, sex, nationality,

creed, religion, color, race, sexual orientation, gender, identity and expression, disability, familial

status, military service, or other purely arbitrary criteria."[7]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept

and consider extrinsic materials offered in connection with these motions, and to convert a motion

to dismiss to one for summary judgment when a party has notice that the district court may look

beyond the pleadings. *See* Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d

641, 645 (9th Cir.1981).

Summary judgment is proper where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56( c).

In considering a motion for summary judgment, the court must examine all of the evidence

in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654,

655 (1962). If the moving party does not bear the burden of proof at trial, he or she may

discharge his burden of showing that no genuine issue of material fact remains by demonstrating

---

[6]*COMPLAINT, Exhibit D.*

[7]*COMPLAINT, Exhibit D, Page 4, SBA Bylaws Art. IV.*

4

that "there is an absence of evidence to support the non-moving party's case." <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 325 (1986). Once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). Notice has been provided to the Parties that the court would look beyond the pleadings and convert the motion to dismiss to a motion for summary judgment.

## <u>DISCUSSION</u>

The Court notes that Plaintiff Christian Legal Society has brought a strikingly similar, if not identical suit against the University of California, Hastings College of Law.  <u>Christian Legal Soc. Chapter of University of California v. Kane et. al.</u>, 2006 WL 997217 (N.D. Cal. 2006).  In that case, the *Kane* Court found in favor of Defendants and granted them summary judgment on all of CLS's claims.  The case was appealed to the Ninth Circuit Court of Appeals.  Since the issuance of Magistrate Lynch's Findings and Recommendation and Plaintiff's Objections, the Ninth Circuit has issued a memorandum affirming the district court's ruling.  <u>Kane</u>, 2009 WL 693391 (9th Cir. 2009).[8]  Many of the Plaintiffs' present arguments were also raised in <u>Kane</u> and as such, this Court will rely on <u>Kane</u> for its precedential value.

Magistrate Lynch noted that the UM School of Law had two policies in place at the time that Plaintiffs sought membership.  The first policy was the SBA's provision  "open-membership"

---

[8]Plaintiffs contend that this Court cannot rely on this Ninth Circuit ruling for any precedential value.  However, Federal Rule of Appellate Procedure 32.1(a), effective January 1, 2007, states that "[A] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: . . . designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like . . ."  Consequently, this Court can and will rely on <u>Kane</u> for its precedential guidance in the present case.

provision which requires all SBA organizations to be "open to all members of the School of Law" in order to recognized by the SBA as an "independent student organization eligible to receive SBA funds."[9]   The second policy is the SBA's non-discrimination provision which states in relevant part that "[s]tudents have the right to be free from discrimination, harassment, or intimidation based on actual or perceived; age, sex, nationality, creed, religion, color, race, sexual orientation, gender, identity and expression, disability, familial status, military service, or other purely arbitrary criteria."[10]

Plaintiffs do not dispute that voting membership in CLS-UM requires affirmation of the Statement of Faith.  Further a clear reading of the Statement of Faith and the Resolution on the Statement of Faith excludes voting membership to non-Christian students and students who engage in homosexual conduct.[11]   The facts in this case are strikingly similar to Kane, 2006 WL 997217 (N.D. Cal. 2006).  There, the Kane Court found in favor of Defendants and concluded that the school did not violated Plaintiff CLS-Hastings right to free exercise of religion and free association when Hastings School of Law decided to deny CLS student organizational recognition for failure to adhere to the School's non-discrimination policy.

First, Plaintiffs object to Magistrate Lynch's decision to disregard Plaintiffs' claim that UM's budgetary process was discriminatory. It is clear that the Magistrate did find that the SBA's lack of specific criteria for allocating student activity fees did give rise to a colorable claim of

---

[9]*COMPLAINT, Exhibit D.*

[10]*COMPLAINT, Exhibit D, Page 4, SBA Bylaws Art. IV.*

[11]Plaintiffs' contention that they also exclude membership to heterosexual persons that engage in extramarital conduct is irrelevant to the issue of discrimination based on sexual orientation.  Further, to the extent Plaintiffs contend that there is a distinction between homosexual conduct and homosexual orientation, that distinction has been rejected in Lawrence v. Texas, 539 U.S. 558 (2003).

viewpoint discrimination.[12]   However, Magistrate Lynch correctly concluded that he did not have

to reach that issue since Plaintiffs could not challenge the budgeting process in the first instance.

This is because as a matter of law, Plaintiffs were ineligible for SBA funding.[13]

In concluding that Plaintiffs were ineligible for SBA funding, Magistrate Lynch correctly

found that CLS violated the law school's policies regarding open membership and non-

discrimination.  As noted above, Plaintiffs' Statement of Faith and its accompanying Resolution

violates the SBA's non-discrimination policy and open-membership policy.  Further the non-

discrimination policy burdens Plaintiffs' expressive activity, if at all, in only an incidental manner,

while at the same time furthering the important legitimate interest of providing all law students

with the opportunity to participate in the full range of student activities supported by the UM Law

School.[14]  Kane, 2006 WL 997217 at 20); Every Nation Campus Ministries at San Diego State

University v.  Achtenberg et al., 597 F.Supp.2d 1075, 1095 (S.D.Cal. 2009).  As noted by the

Magistrate, other than financial support, CLS has full use of the law school facilities as well as its

channels of communication.

There is no evidence that the non-discrimination policy was intended to target or single

out religious beliefs.  Rather it is a policy that was neutrally applied and intended for general

application.  As stated in Kane, CLS "may be motivated by its religious beliefs to exclude students

---

[12]*F+R, pp. 18-19.*

[13]*Id. at 19.*

[14]Our present case is distinguishable from CLS v. Walker, 453 F.3d 853 (2006), in that
Walker involved appellate review and subsequent reversal of the district judge's ruling denying
CLS's Motion for Preliminary Injunction.  And as such, the Walker analysis was limited to the
burdens necessary for a grant of preliminary injunction.  In addition, unlike the present case,
Defendant Southern Illinois University could not identify the specific policy or law that it alleges
that Plaintiff CLS violated thus raising "the specter of pretext."  Id. at 860.

based on their religion or sexual orientation, but that does not convert the reason for Hastings' policy prohibiting the discrimination to be one that is religiously-based." Kane, 2006 WL 997217 at 24; Truth, 542 F.3d at 651-652.

In addition, this "governmental interest in prohibiting such discrimination . . . is not directed at or related to suppressing expression." Jews for Jesus, Inc. V. Jewish Community Relations Council of New York, 968 F.2d at 295 (2nd Cir. 1992).  Consequently, like the Kane Court, Magistrate Lynch rightly concluded that it was within the UM School of Law's constitutional authority, as a state institution, to enforce its open membership and non-discrimination policy and that such policies further a governmental interest that is unrelated to Plaintiffs' right to expressive association.

In Healy v. James, 408 U.S. 169 (1972), the Supreme Court concluded that a college could restrict students' associational rights if it imposed the restrictions for a reason "directed at the organization's activities, rather than its philosophy" and if the reason was factually supported by the record.  Id. at 188.  Again, the record reflects that organizational activity in the instant case, being CLS's voting membership requirements, violate UM law school non-discrimination and open-membership policies.  As a consequence, Defendants are not denying CLS organizational funding based on its religious viewpoint, but rather on its refusal to comply with the UM Law School and SBA's non-discrimination policy.  Thus Defendants are not engaged in viewpoint discrimination.  Every Nation, 597 F.Supp.2d 1075, 1083 (S.D. Cal. 2009) (citing Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 829-30 (1995).

Lastly, this Court agrees with Magistrate Lynch's conclusion that the record reflects no evidence indicating that the UM law school selectively applied its non-discrimination policies against CLS while allowing other student organizations to discriminate in their membership

requirements.  <u>Walker</u>, 453 F.3d at 866; <u>Truth</u>, 542 F.3d at 650, <u>Kane</u>, 2006 WL 997217 at 25.
Specifically, the is no indication in the record where any SBA-funded student organization has
been denied membership.  Further the record establishes that membership to all SBA-funded
organizations are open to all law students.

## CONCLUSION

The Court concludes that the UM School of Law's non-discrimination and open-
membership policies are viewpoint neutral and were not intended to single out or limit Plaintiffs'
rights to free expression.  Further, the Court finds that Plaintiff CLS's voting membership
requirements violate the UM School of Law and SBA's non-discrimination and open-membership
policies.  Therefore, this Court need not reach Plaintiffs' challenges regarding Defendants'
budgeting process.  Moreover, other than denying funding, Defendants have not deprived
Plaintiffs of any benefits associated with recognized student organizations nor have Defendants
compelled Plaintiffs to admit any persons that do not meet CLS's voting membership
requirements.  This Court finds that summary judgment for Defendants is appropriate in this case.

This Court concludes that Magistrate Judge Lynch's Findings and Recommendation
reflect a clear understanding of the issues of this case and provides sound legal reasoning in
support of his conclusions.  Therefore, after a *de novo* review, the Court determines the Findings
and Recommendation of Magistrate Judge Lynch are well grounded in law and fact and HEREBY
ORDERS they be adopted in their entirety.

Accordingly, IT IS HEREBY ORDERED that,

1.      Defendants' Converted Motion for Summary Judgment (*Doc. #19*) is GRANTED;

2.      Plaintiffs' Motion for Summary Judgment (*Doc. #41*) is DENIED;

3.      All other pending motions are DENIED as MOOT.

DATED the 19th day of May, 2009.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
CHIEF U.S.  DISTRICT JUDGE